NOT DESIGNATED FOR PUBLICATION

No. 120,792

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHERRY LYNN HOUSWORTH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; MICHAEL D. GIBBENS, judge. Opinion filed November 1, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Sherry Housworth appeals the district court's decision to send her to prison after she violated her probation. But Housworth admitted to violating her probation, and the court had granted probation to her even though her presumptive sentence was imprisonment. In that circumstance, the district court had the discretion to terminate the probation and send her to serve the prison sentence.

When a decision is within the district court's discretion, we generally can reverse only if no reasonable person would agree with the district court's decision. Here, the court had already placed Housworth on probation when it could have imposed the presumptive sentence, prison. And because Housworth never started the probation and continually missed court hearings, a reasonable person could agree that she was not taking the

opportunity seriously and was not a good candidate to continue probation. We therefore affirm the district court's judgment.

Housworth was charged with theft and forgery charges after cashing a stolen check. She was arrested for failing to appear at a court hearing on those charges. She bonded out but again failed to appear at the court hearing. The district court issued another bench warrant, and she eventually appeared before the court. In court, she pleaded no contest to the forgery charge as part of an agreement with the State.

Because Housworth had committed several crimes before, the presumptive sentence for her forgery charge was a term in prison. But Housworth asked the court to place her on probation instead. She said that a friend had duped her into cashing the check and that she didn't financially gain from doing it. The State didn't oppose probation.

The district court granted Housworth's request and placed her on an 18-month probation term with an underlying 19-month prison sentence to be served if Housworth didn't successfully complete the probation. The court said that it was tempted to impose the presumptive sentence because Housworth had failed to appear in court several times and had more than 25 prior convictions; the court told Housworth that it would impose the underlying prison sentence if she violated her probation.

But after she left sentencing, Housworth never contacted her probation officer. She also didn't do other things required by the probation terms—like providing proof of employment, scheduling a substance-abuse evaluation, or beginning to pay her court costs. So the State filed a motion to modify or revoke her probation.

Housworth admitted to the violations but asked the court to impose a minor jail sanction instead of revoking her probation outright. The State asked the court to impose the underlying 19-month prison sentence.

Because the presumptive sentence of her crime was a prison term, the court found that it now had discretion to bypass less severe sanctions and impose the underlying prison sentence. And over the protests of Housworth, the court revoked the probation and ordered that she serve a shortened 15-month prison sentence.

Housworth has appealed, arguing that the district court erred when it revoked her probation and ordered imprisonment. The State says that the court properly exercised its discretion.

The legal rules applicable to this appeal are straightforward. Under this state's probation procedures, a district court generally must impose less severe sanctions before revoking a defendant's probation. K.S.A. 2018 Supp. 22-3716(c)(1). Those sanctions may take the form of a 2-day or 3-day jail stay and a 120-day or 180-day stint in prison, after which the defendant may continue on probation. K.S.A. 2018 Supp. 22-3716(c)(1)(B)-(D).

But the district court can bypass those sanctions and revoke probation outright under some circumstances. And one of those situations is when the presumptive sentence for the original crime was prison, but the court instead imposed probation, a less severe sentence. K.S.A. 2018 Supp. 22-3716(c)(9)(B). So when the district court has given a probation sentence when the presumptive sentence was prison, it may revoke probation and impose the prison sentence without first imposing intermediate sanctions (like a short jail stay). In this circumstance, we review only for abuse of discretion, which means that we can reverse the district court only if its decision was based on a factual or legal error or was one that no reasonable person could agree with. *State v. Hurley*, 303 Kan. 575,

580, 363 P.3d 1095 (2016); *State v. Duran*, 56 Kan. App. 2d 1268, 1272, 445 P.3d 761 (2019).

Housworth has not shown that the district court's decision was based on a factual or legal error; nor has she shown that it was unreasonable. The court noted that it had warned her that she would only get one shot at probation because of her presentencing failures to appear. Thus, when she failed to contact her probation officer or even appear at her first scheduled probation-violation hearing, the court decided to revoke her probation. Under these circumstances, a reasonable person could agree with that decision.

On Housworth's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke Housworth's probation.

We affirm the district court's judgment.